UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DORIAN BIAS,

                    Plaintiff,

-against-

R7S LOGISTICS AND HANDLING, INC.,

                    Defendant.

**MEMORANDUM & ORDER**

**23-CV-8977 (NGG) (ARL)**

NICHOLAS G. GARAUFIS, United States District Judge.

Deadlines matter. In this case, Magistrate Judge Arlene R. Lindsay instructed the parties that certain motions "shall be filed by June 27, 2025." (Text Order Dated 6/6/2025.) Plaintiff Dorian Bias filed one such motion on July 29, 2025. (*See* Mot. for Enf. of Settlement, or in the Alternative, for Leave to Amend the Complaint ("Pl.'s Mot.") (Dkt. 14).) He provides no explanation for his delay. (*See id.*; Pl.'s Mem. of L. in Opp'n to Def.'s Mot. for Partial Recons. ("Pl.'s Opp'n") (Dkt. 21).) His monthlong holdup, however, deprived Defendant R&S Logistics and Handling, Inc. ("R&S") of an opportunity to oppose the motion. (Def.'s Obj. to the R&R ("Def.'s Obj.") (Dkt. 18) at 1.) Consequently, the court REJECTS IN PART Magistrate Judge Lindsay's Report and Recommendation ("R&R") insofar as it recommends granting Bias's motion to enforce settlement. Nonetheless, the court ADOPTS IN PART the R&R to the extent that it recommends denying as untimely Bias's alternative request for leave to amend his complaint. Thus, the court DENIES Bias's motion in full.

## I.   FACTUAL AND PROCEDURAL HISTORY

This case arises from Bias's claims against R&S for discrimination and retaliation. (*See generally* Compl.) After a private mediation session, the parties appeared to reach a settlement in March 2025. (Def.'s Letter to the Court Dated 5/19/2025.) That June,

1

however, R&S's counsel informed the court that the company had become insolvent, which threw the settlement into question. (Pl.'s Letter to the Court Dated 6/3/2025.) In response, Magistrate Judge Lindsay issued a text order stating that, "to the extent [Bias] intends to engage in further motion practice, any such motions shall be filed by June 27, 2025." (Text Order Dated 6/6/2025.)

"[B]y June 27," Bias claims to have "served on [R&S]'s Counsel" his motion for settlement enforcement. (Letter to the Court Dated 7/29/2025 (Dkt. 15).) But it was not until July 29, 2025 that he filed the motion with this court. (*See* Pl.'s Mot.) In doing so, Bias stressed that R&S "has failed to oppose the settlement." (Letter to the Court Dated 7/29/2025.) He therefore urged the court to grant his motion for enforcement "as unopposed." (*Id.*) Alternatively, Bias requests that the court grant him leave to add R&S's "individual owners as defendants, in lieu of refiling in state court, and allow for a fact discovery period to complete the outstanding depositions." (Pl.'s Mot. at 8.)

On December 16, Magistrate Judge Lindsay issued an R&R recommending that this court grant Bias's motion to enforce the settlement and deny his alternative request for leave to amend his complaint. (*See* R&R at 1.) In her recommendation, Magistrate Judge Lindsay does not address that Bias filed his motion over a month late. Nonetheless, she acknowledges the June 27 deadline to file "such motions" and that Bias filed on July 29.[1] (*Id.* at 2.) She drills down further, however, into the relevant dates for Bias's alternative request for leave to amend. She highlights that "the time for filing an amended pleading passed on April 29, 2024." (*Id.* at 6 (citing Report on Rule 26(f) Planning

---

[1] Magistrate Judge Lindsay's R&R focuses in large part on whether the parties entered into a binding settlement agreement, as Bias argues. (*See* R&R at 3-6.) The court need not address this issue because it concludes that Bias's motion to enforce that agreement was untimely.

2

Meeting (Dkt. 7) at 1.) Consequently, she observes that Bias's motion can only be granted "for good cause." (*Id.* (citing Fed. R. Civ. P. 16(b)).) Additionally, Magistrate Judge Lindsay notes that discovery closed on April 4, 2025. (*Id.*; *see also* Text Order Dated 6/6/2025.) As she explains, "courts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery." (R&R at 6-7 (collecting cases).)

The R&R caught R&S off guard. It timely filed its objections, imploring the court to hold that Bias's underlying motion was "untimely and improperly filed and served." (Def.'s Obj. at 1.) R&S asserts that Bias's procedural errors "deprived" it of the opportunity to "submit[] opposition papers."[2] (*Id.*) R&S agrees with the R&R, however, to the extent that it recommends denying Bias leave to amend his complaint. (*Id.* at 1 n.1.)

Bias responds in opposition to R&S's objections.[3] He contends that he "complied" with the court's June 27 deadline "by serving [R&S] with the motion on that date." (Pl.'s Opp'n at ECF p.3.) Even if he did not, Bias argues that "the Magistrate Judge properly exercised her discretion" to consider his motion because "[c]ourts routinely excuse modest delays in filing where, as here, there is no prejudice to the opposing party and the interests of justice favor consideration of the motion."[4] (*Id.*) Bias maintains that R&S "deliberately decided not to respond" to his motion. (*Id.* at ECF p.4.) He reasons that R&S took "a calculated gamble that

---

[2] R&S also contends that Magistrate Judge Lindsay erred in concluding that the parties entered into a "final settlement that could be enforced." (R&R at 1.) But as mentioned, the court pretermits this issue given that Bias's motion is untimely.

[3] Bias styles his brief as opposing R&S's "motion for partial reconsideration." (Pl.'s Opp'n at ECF p.1.) He then cites the legal standards governing those motions. (*See id.* at ECF pp.2-3.) The court, however, overlooks Bias's error and construes his brief as one opposing R&S's objections to the R&R.

[4] Bias cites no caselaw for any of these statements. (*See* Pl.'s Opp'n at ECF p.3.)

the [c]ourt would reject the motion without [R&S] having to take a position."[5] (*Id.*) Thus, Bias concludes that R&S "cannot now claim excusable neglect."[6] (*Id.* (internal quotation marks omitted).)

## II.  STANDARD OF REVIEW

In reviewing an R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo.*" *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). But "[i]f a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." *Id.* at 359 (citing Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment). Clear error is present "only when, upon review of the entire record, the [c]ourt is left with 'the definite and firm conviction that a mistake has been committed.'" *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

For these reasons, the court reviews *de novo* R&S's "timely, specific" objection that Bias's motion for settlement enforcement was untimely. *See Nambiar*, 158 F.4th at 359. However, Bias does not mention or object to Magistrate Judge Lindsay's recommendation that the court alternatively grant his motion for leave to amend. (*See generally* Pl.'s Opp'n.) The court therefore reviews

---

[5] Bias cites nothing in the record to support this assertion. (*See* Pl.'s Opp'n at ECF pp.3-4.)

[6] Bias also defends Magistrate Judge Lindsay's conclusion that the parties entered into a final and binding settlement agreement. (*See* Pl.'s Opp'n at ECF pp.4-6.) Nowhere in Bias's brief, however, does he appear to challenge Magistrate Judge Lindsay's conclusion that the court should deny him leave to amend his complaint. (*See generally id.*)

4

this determination for clear error. *See Nambiar,* 158 F.4th at 358-59.

## III. DISCUSSION

The court determines that Bias's motion for settlement enforcement was untimely and must be denied. *See* E.D.N.Y. Civ. R. 6.1(c); Fed. R. Civ. P. 6(b)(1). It also sees no error—let alone any clear error—in the Magistrate Judge Lindsay's recommendation to deny Bias's alternative motion for leave to amend his complaint. *See* Fed. R. Civ. P. 6(b)(1); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339-40 (2d Cir. 2000). The court now explains why.

### A. Motion for Settlement Enforcement

"[F]iling and service must be accomplished via ECF." E.D.N.Y. Civ. R. 6.1(c). Still, "[t]he court may, for good cause, extend the time" for a party to file. Fed. R. Civ. P. 6(b)(1). Before the original filing deadline passes, the court may grant an extension "with or without motion or notice." Fed. R. Civ. P. 6(b)(1)(A). But after the filing deadline, the court may only grant an extension "on motion" demonstrating "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The "excusable neglect" inquiry "is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond v. Int'l Bus. Mach. Corp.,* 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)); *see United States v. Starling,* 76 F.4th 92, 102 (2d. Cir. 2023) ("While excusable neglect penalizes negligent parties for failing to prosecute their cases, the good cause standard attaches consequences only to bad faith or tactical violations of court orders.").

Here, Bias filed his motion after the June 27 deadline passed. As R&S explains, Bias did not put it on ECF until over a month later.

(Def.'s Obj. at 1-3.) Although he purports to have served his motion on R&S by June 27, "filing and service must be accomplished via ECF." E.D.N.Y. Civ. R. 6.1(c). Bias's naked and unsupported proclamations to the contrary cannot circumvent the black letter of this district's local rules. (*See* Pl.'s Opp'n at ECF p.3; E.D.N.Y. Civ. R. 6.1(c).) Thus, his motion is untimely.

The court cannot accept Bias's untimely motion. He did not receive or move for an extension before the June 27 deadline. *See* Fed. R. Civ. P. 6(b)(1)(A). Thus, he must satisfy the more stringent standard for after-the-fact extensions. *See* Fed. R. Civ. P. 6(b)(1)(B). He fails to do so for two independent reasons. First, he has not submitted a separate "motion" to request that the court consider his late filing. *See id.* (requiring that an after-the-fact extension only be granted "on motion"). (*See generally* Pl.'s Mot. (failing to acknowledge his motion's untimeliness); Letter to the Court Dated 7/29/2025 (same).) Second, he has not demonstrated "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B); *Raymond*, 148 F.3d at 66 (listing equitable factors to consider in determining if a party has demonstrated excusable neglect). To start, Bias's tardiness prejudiced R&S because it "deprived" the company of the opportunity to "submit[] opposition papers." (*See* Def.'s Obj. at 1.) To make matters worse, Bias seeks to capitalize on that deprivation by stressing that R&S "failed to oppose

6

the settlement."[7] (*See* Letter to the Court Dated 7/29/2025.) Further, Bias gives no reason for his delay.[8] Next, even though he characterizes his delay as a "modest" one that "[c]ourts routinely excuse," he cites no caselaw to support his assertion. (*See* Pl.'s Opp'n at ECF p.3.) And finally, while the court has no reason to believe that Bias acted in "bad faith," the "excusable neglect" standard still "penalizes negligent parties for failing to prosecute their cases." *See Starling*, 76 F.4th at 102. Thus, *Raymond*'s equitable factors militate against finding that Bias satisfied that heightened standard. *See Raymond*, 148 F.3d at 66 (quoting *Pioneer Inv. Servs. Co*, 507 U.S. at 395).

In sum, the court may not accept Bias's untimely motion for settlement enforcement because he neither moved for an extension nor demonstrated "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B); *Raymond*, 148 F.3d at 66.

### B.  Motion for Leave to Amend the Complaint

"[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340; *see* Fed. R. Civ. P. 16(b) (stating that a court's scheduling order "may be modified only for good cause").

---

[7] As discussed, Bias offers conclusory conjecture that R&S purposely chose not to oppose his motion as "a calculated gamble that the [c]ourt would reject the motion without [R&S] having to take a position." (*See* Pl.'s Opp'n at ECF p.3.) Because Bias offers no support for his theory, the court considers it no further.

[8] Bias observes in his July 29 letter to the court that, under E.D.N.Y. Civil Rule 6.1, "motion papers are not to be filed until the motion is fully briefed" and that R&S "ha[d] failed to oppose the settlement." (Letter to the Court Dated 7/29/2025.) To the extent this is Bias's attempt to explain his delay, it falls flat. Even if Bias had effectively served his motion on R&S, the company would have needed to serve its opposing brief "within 14 days." *See* E.D.N.Y. Civ. R. 6.1(b). Bias, however, waited 32 days after the June 27 deadline to file his motion. (*See* Pl.'s Mot.)

It is the movant's burden to demonstrate good cause. *Ahmed v. Astoria Bank*, No. 14-CV-4595 (JBW), 2015 WL 4394072, at *2 (E.D.N.Y. July 16, 2015) (citing *Parker*, 204 F.3d at 340).

As Magistrate Judge Lindsay observed in her R&R, Bias "has made no argument regarding good cause for the belated motion to amend." (R&R at 6.) He also failed to raise an argument to this effect in his response to R&S's objections. (*See generally* Pl.'s Opp'n.) Thus, he has not met his burden to demonstrate good cause.[9] *See Ahmed*, 2015 WL 4394072, at *2 (citing *Parker*, 204 F.3d at 340). Given that, Magistrate Judge Lindsay did not clearly err by recommending that the court deny Bias leave to amend. *See Veeraswamy*, 765 F. Supp. 3d at 180 (quoting *Snow*, 462 F.3d at 72).

---

[9] Bias would face an uphill battle even if he had raised an argument that good cause exists. Courts in this circuit routinely deny motions to amend complaints as untimely if they are filed after the close of discovery. *See, e.g., McCarthy v. Dun & Bradsheet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007); *Weaver v. Warrington*, No. 14-CV-7097, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) (stating the same and collecting cases). Here, discovery closed on April 4, 2025, almost four months before Bias's July 29 motion. (*See* Text Order Dated 6/6/2025.)

## IV.  CONCLUSION

For the foregoing reasons, the court REJECTS IN PART the R&R insofar as it recommends granting Bias's motion to enforce settlement and GRANTS IN PART the R&R insofar as it recommends denying Bias's motion for leave to amend his complaint. Thus, the court DENIES Bias's motion in full.

SO ORDERED.

Dated:   Brooklyn, New York
         February 20, 2026

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge